MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
KATHRYN A. PANACCIONE
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone: (213) 894-3950
Panaccione.Kathryn.A@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>   Secretary of Labor,<br>     United States Department of Labor,<br><br>                 Plaintiff,<br>   v.<br>INNOVATIVE WALL SYSTEMS, INC.,<br>DBA ALTA DRYWALL, a California<br>Corporation; and JASON SHANE<br>BELLAMY, an individual,<br>                 Defendants. | Case No. **'25CV2240 GPC DDL**<br><br>**COMPLAINT** |

COMPLAINT
Case No. [Case Number]

# INTRODUCTION

The Fair Labor Standards Act ("FLSA" or "Act") requires that all employees be paid the full wages due for all hours worked, including payment of an overtime premium for all hours worked in excess of forty in a workweek. Defendants operate a drywall installation business in San Diego, California. Defendants have denied payment of the full lawful wages due to these workers as well as failed to keep required records of these workers' hours and pay. The Secretary of Labor thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

# NATURE OF THE ACTION

1. Plaintiff Lori Chavez-DeRemer, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. The Secretary of Labor brings this action to remedy the harm caused by Defendants' wage violations, and to enjoin Defendants from continuing to violate the FLSA's minimum wage, overtime, and recordkeeping provisions, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5).

# JURISDICTION

3. The Court has jurisdiction over this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the Southern District of California pursuant to 28 U.S.C.

1  § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District and one or more Defendants reside within this District.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

5. Defendant Innovative Wall Systems, Inc., dba Alta Drywall, (hereinafter "Alta Drywall") is a California corporation with a headquarters and principal address of 2751 Auto Parkway, Escondido, CA 92029. Defendant Alta Drywall has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint and other employees not listed on Exhibit A who are not currently known to the Secretary. As the Secretary becomes aware of any such other employees, she will add them to Exhibit A.

6. Defendant Jason Shane Bellamy (hereinafter "Bellamy") is the owner, Chief Executive Officer, President, and Chief Financial Officer of Alta Drywall. Bellamy makes all major financial decisions for Alta Drywall. At all relevant times, Jason Bellamy acted directly or indirectly in the interests of Defendant Alta Drywall in relation to their employees, including determining employment practices. On information and belief, he resides within the jurisdiction of this Court. Alta Drywall is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendant Alta Drywall.

7. At all relevant times, Defendant Bellamy operated and controlled Alta Drywall for the common business purpose of running a drywall business at 2751 Auto Park Way, Escondido, CA 92029.

8. At all relevant times, two or more employees of Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including vehicles, drywall and construction materials. At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.

9. As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## FACTS COMMON TO ALL CAUSES OF ACTION

**I. Defendants Deprive Their Employees of the Wages They Earn and Fail to Maintain the Required Accurate Records of Their Work**

10. Defendants employ approximately 250 employees at any given time. Workers drive to worksites where they work in crews installing drywall and are supervised by foremen. Many employees regularly work more than forty hours per week.

11. Defendants pay employees an hourly rate for some jobs and pay employees piece rate for other jobs. When employees are paid by the piece, foremen do not keep track of workers' hours. Instead, at the end of a workweek, foremen fill out timecards for workers, writing that the workers worked less than forty hours per week regardless of the amount of hours the workers actually worked.

12. Since many workers regularly work more than 40 hours per week, Defendants did not pay their employees a one-half overtime premium when employees worked more than forty hours in a workweek.

13. Between December 18, 2020 and December 14, 2023 (hereinafter the "Subject Period"), Defendants failed to pay their employees a rate of one and one-half times the regular rate for work performed in excess of forty hours per work week.

14. During the Subject Period Defendants failed to record or maintain accurate records of hours worked by their employees.

## CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF

## Overtime Violations

15. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. At all relevant times, Defendants have violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for hours worked in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

17. At all relevant times, Defendants have willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, workers without properly compensating them.

# SECOND CLAIM FOR RELIEF

## Recordkeeping Violations

18. The Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

19. At all relevant times, Defendants have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. part 516.

20. At all relevant times, Defendants have willfully violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants have created and maintained inaccurate and incomplete records of employees' hours worked and wages paid even though they knew or should have known that

this conduct violates the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

A. For an Order: Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2); and Sections 11(c), 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5).

B. For an Order:

1. Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including and overtime, beginning on December 18, 2020, to all Defendants' employees including the employees listed in attached Exhibit A and other employees not presently known to the Secretary, and an additional equal amount as liquidated damages; or

2. In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least December 18, 2020, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C. For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate;

D. For an Order awarding the Secretary the costs of this action; and

E.    For an Order awarding the Secretary any other relief that the Court deems necessary and appropriate.

Respectfully submitted,

Dated: August 25, 2025

JONATHAN L. SNARE
Acting Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

*/s/ Kathryn A. Panaccione*
Senior Trial Attorney

*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor*